[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Statement of the Case
The plaintiff seeks to recover for personal injuries she claims to have incurred as the result of a motor vehicle accident which occurred on October 3, 1995.
On that date, her vehicle was struck from behind by a van operated by the defendant. The left front fender of the van struck the right rear fender of the plaintiff's vehicle. From the accident photos of the vehicular damage, the collision would not appear to have been a substantial one.
The plaintiff has presented $13,074.80 in medical bills including CT Page 15066 emergency room, hospital, therapy and treatment expenditures. Over a dozen doctors have either examined or treated the plaintiff. Though she was formerly employed in various retail capacities, she claims to be totally incapacitated as a result of this accident. Her claim for lost wages was withdrawn, however, due to her having been deemed eligible for social security disability benefits.
The defendant concedes liability but vigorously contests the claimed injuries and permanency ratings. An independent medical examination performed for the defendant presents serious questions as to the existence of and extent of the plaintiff's claimed injuries.
 Discussion
By far, the most disturbing element of the plaintiff's case is her attempt to relate several physical problems arising long afterwards to the accident of October 3, 1995. For example, the plaintiff initially did not report any injury to her teeth, her mouth, or her jaw. Yet, in 1996, 1997 and as recently as this year, she has complained of ear problems, a jaw dysfunction (TMJ) and a cracked toot.
These conditions were not referred to in her interviews at the emergency room or with her early treatment providers.
Similarly, the plaintiff has given contradictory statements on other significant facts. She told emergency room staff she did not loose consciousness, but at trial claimed to have been rendered unconscious. To one medical provider, she stated she was struck by the van going 60 miles per hour and pushed into an oncoming truck. There was no such second impact and no evidence the van was traveling that fast.
The court also finds it puzzling that the plaintiff visited an imposing array of specialists, but rarely if ever followed their advice or respected the referrals they suggested for additional treatment. The explanation that she lacked funds is suspect since she has had Medicare coverage for some time now.
The most significant post accident development reflecting on the merits of the plaintiff's claims was her involvement in a bus-car accident on June 21, 1999. As a bus passenger, she was "whipped violently forward and backward."
On June 22, she was seen at the Carpenos Chiropractic Center in West Haven, complaining of neck, left upper back, left shoulder and left arm pain. These are substantially the same complaints she described at trial as having disabled her. Asked how long these conditions had existed, she CT Page 15067 responded "24 hours." Asked if she had similar conditions in the past, she responded "No."
Dr. Carpenos and his associate proceeded to treat the plaintiff for several months, but Carpenos testified that he was at no time made aware of the October 1995 accident and the plaintiff's prior injuries and treatment. Interestingly enough, the plaintiff is reported to have undergone substantial improvement in the course of this treatment by the Carpenos office.
It must be noted that except for this stretch of time in treatment as a result of the June 21, 1999 bus accident, the plaintiff has had virtually no treatment nor medication since 1996. She neglected to return to Dr. Sritharan, Dr. Frechette, or Dr. Russell and ignored referrals to Gaylord Hospital for rehabilitation.
When the court examines the plaintiff's voluminous medical file, it is difficult to formulate a decision as to the extent and nature of her injuries and the medical bills attributable to them. The IME report of Dr. Traub is exemplary in its detail and analysis and the court is impressed with his candor and fairness in addressing this complex problem. He has been most helpful in assessing her pre-existing conditions.
 Conclusion
The court concludes that a fair and equitable award in this case for the plaintiff to recover of the defendant is:
$10,600 in economic damages;
$21,000 in non-economic damages, for a total judgment of $31,600.
Anthony V. DeMayo Judge Trial Referee